| | |
|---|---|
| CRYSTAL WILLIAMS,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | )<br>)<br>)<br>)<br>)  Nos. 2:21-CV-046<br>)         2:18-CR-148<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Before the Court is Crystal Williams' ("Petitioner's") *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 623].[1] The United States has responded in opposition. [Doc. 4]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 3]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 623] will be **DENIED**.

    **I.**    **BACKGROUND**

In January 2019, Petitioner and fifteen co-defendants were charged in a twenty-seven-count superseding indictment pertaining to conspiracy and distribution of 50 grams of more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II

---

[1] Document numbers not otherwise specified refer to the civil docket.

controlled substance; conspiracy and distribution of 28 grams of "crack" cocaine, a Schedule II controlled substance; conspiracy and distribution of a quantity of a mixture and substance containing detectable amounts of cocaine, a Schedule II controlled substance; along with related gun charges. [Crim. Doc. 77]. Petitioner was named in four counts. [*See id*.].

On June 5, 2019, Petitioner entered into a plea agreement with the government. [Crim. Doc. 185]. Petitioner agreed to plead guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), (b)(1)(A). [*See id*.] The plea agreement was signed by Petitioner and attorney Joseph O. McAfee ("Attorney McAfee").

In her plea agreement, Petitioner acknowledged that early 2017, law enforcement began investigating a drug trafficking organization that distributed methamphetamine, cocaine, crack cocaine, and various other illegal drugs in the Tri-Cities area. The drugs were supplied out of Atlanta, GA and resold in the Eastern District of Tennessee for profit. On November 21, 2016, and February 1-2, 2017, Petitioner cold drugs to two confidential informants. Petitioner admitted that she sold resale quantities of drugs to other people in the conspiracy and obtained the drugs from several other sources in the conspiracy. Petitioner agreed to be held responsible for at least 500 grams but less than 1.5 kilograms of actual methamphetamine. Parties also agreed that U.S.S.G. §§ 2D1.1(b)(12) and 3B1.1 enhancements should not apply to Petitioner. [*Id*. at 5-7]. The Court conducted a change of plea hearing on June 13, 2019. Although there is no transcript of that hearing in the record,

the Court recalls conducting its standard colloquy with Petitioner and finding her competent to enter a guilty plea.[2]

The Presentence Investigation Report ("PSR") calculated a total offense level of 31 and a criminal history category of VI, resulting in a guideline range of 188 to 235 months. [Crim. Doc. 300, ¶ 114]. The Government filed a notice of no objections to the PSR [Crim. Doc. 302], and so did Petitioner, through counsel [Crim. Doc. 312]. The Government also filed a sentencing memorandum and motion for downward departure wherein it concurred that the correct advisory guideline calculation was 188 to 235 months imprisonment and requested a two-level departure, resulting in a guidelines range of 151 to 188 months imprisonment. [Crim Doc. 460]. The Government requested a sentence of 151 months, the bottom of the adjusted guidelines range. [*Id*.]. Petitioner, through counsel, also filed a sentencing memorandum, highlighting Petitioner's struggles with addiction and requesting the Court impose a sentence at the bottom of the guidelines range. [Crim. Doc. 475].

On February 25, 2020, the Court sentenced Petitioner to a total of 144 months' imprisonment and then five years of supervised release. [Crim. Doc. 526]. Petitioner did not file a direct appeal, but on February 23, 2021, she filed this timely § 2255 motion.

II.     **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct her judgment of conviction and sentence if she claims that the sentence was imposed in

---

[2]Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

3

violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that she is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations

4

Case 2:18-cr-00148-RLJ-CRW   Document 653   Filed 09/14/22   Page 4 of 9   PageID #: 3188

with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise three claims of ineffective assistance of counsel and one claim of court error in this § 2255 motion. [Doc. 1; Crim. Doc. 623]. Petitioner claims: 1) ineffective assistance for failing to "raise the issue of a mitigating role," 2) ineffective assistance for failing to defend Petitioner against a miscalculation in her criminal history category due to probation looking back at criminal activity from 20 years ago, and 3) ineffective assistance for not arguing that the Court erred in holding Petitioner accountable for 50 grams of methamphetamine when the relevant conduct section states that she was responsible for a sale of 5 grams or more. [*Id*.].

5

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for h[er] defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is

6

constitutionally ineffective only if a performance below professional standards caused the defendant to lose what she "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Here, Petitioner first faults counsel for failing to argue for a mitigating role reduction. However, counsel cannot be deemed ineffective for not raising frivolous arguments. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003). Petitioner has failed to establish that a mitigating role reduction would have been applicable to her, and the record affirmatively establishes otherwise. According to the Plea Agreement which Petitioner signed, she obtained methamphetamine from several co-defendants and sold resale quantities to other co-defendants. [Crim. Doc. 185, pp. 2-4]. This makes Petitioner a mid-level distributor in the conspiracy, and not one having a minor or minimal role under U.S.S.G. § 3B1.2. Thus, Petitioner is not entitled to relief as to this claim.

Petitioner further faults counsel for not arguing that her criminal history score was miscalculated due to Probation going back 20 years in the criminal history section. However, the record contradicts Petitioner's assertion that her points were miscalculated. While Probation does look at all of Petitioner's criminal history for the PSR, points are only calculated for convictions that fit within the timeframe established by the Sentencing Guidelines. Petitioner had a total of 15 criminal history points that were too old to be counted in her criminal history level determination. [Crim. Doc. 300, ¶ 67]. As stated above, counsel cannot be deemed ineffective for failing to raise frivolous arguments. As the record shows that this would have been a frivolous argument, Petitioner is not entitled to relief as to this claim.


7

Case 2:18-cr-00148-RLJ-CRW   Document 653   Filed 09/14/22   Page 7 of 9   PageID #: 3191

Finally, Petitioner faults counsel for not objecting to the drug quantity determination. However, this too would have been a frivolous argument, and counsel is not ineffective for not raising it. Petitioner claims she should only have been held accountable for 5 grams of methamphetamine based on the relevant conduct section of the Plea Agreement. However, Petitioner pleaded guilty to a conspiracy involving 50 grams or more of actual methamphetamine and stipulated in the Plea Agreement that she was personally responsible for at least 500 grams, but less than 1.5 kilograms of actual methamphetamine. [Crim. Doc. 185, pp. 2-4]. Thus, Petitioner is not entitled to relief as to this claim. Accordingly, Petitioner's claims will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 623] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of

8

Case 2:18-cr-00148-RLJ-CRW    Document 653    Filed 09/14/22    Page 8 of 9    PageID #: 3192

the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge